IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH HOROWITZ, et al.           :
                                      :
    v.                                : Civil Action No. DKC 15-3478
                                      :
MICHAEL D. MASON, et al.              :

**MEMORANDUM OPINION**

On November 16, 2015, Plaintiffs filed a complaint seeking, in part, to enjoin a civil contempt order issued by the Circuit Court for Montgomery County. (*See* ECF No. 1). Named as Defendants are Judge Michael D. Mason, of the Circuit Court for Montgomery County, Sgt. Shannon Songco, Deputy Sheriff of Montgomery, and attorneys Maury S. Epner and Patrick J. Kearney. Plaintiffs also attached, but did not file separately, a purported motion for a temporary restraining order to their complaint, requesting a hearing be held on Wednesday, Nov. 18. (ECF No. 1-1). For the following reasons, no hearing will be held because Plaintiffs have not shown any grounds for issuance of emergency injunctive relief.

Plaintiffs purport to allege a violation of 42 U.S.C. § 1983 against all defendants, arguing that all were acting under color of law because they acted pursuant to the Maryland Rules of Civil Procedure and that the contempt order violates their

constitutional rights under the Fourth and Fourteenth Amendments.

"Federal courts . . . have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 590 (2013) (citations and internal quotation marks omitted). However, the Supreme Court has recognized limited exceptions where exercising jurisdiction would inappropriately interfere with state-court proceedings. *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Supreme Court has held that *Younger* abstention applies in three types of proceedings: "ongoing state criminal prosecutions;" "certain civil enforcement proceedings;" and "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Jacobs*, 134 S.Ct. at 591 (citations and internal quotation marks omitted).

Specifically, the Supreme Court has held that federal courts should abstain from adjudicating challenges to state court contempt processes. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987); *Juidice v. Vail*, 430 U.S. 327 (1977). Abstention is appropriate because "[a] State's interest in the contempt process, through which it vindicates the regular operation of

2

its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest." *Juidice*, 430 U.S. at 335. Because of this, a federal court should abstain absent a finding "that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged [action] is flagrantly and patently violative of express constitutional prohibitions." *Id.* at 338.

Plaintiffs have not shown that they lacked an adequate opportunity to raise their constitutional challenges in the ongoing state proceeding. There are currently appeals pending before the Court of Special Appeals, one apparently based on an interlocutory appeal noted by Plaintiffs on September 28, 2015, (Docket Case No. 387555, Circuit Court for Montgomery County), and possibly another based on dismissal of a counterclaim for which argument is scheduled for December 9, 2015. (ECF No. 1, at 5). It does not appear that Plaintiffs have yet filed an appeal from the contempt finding. Although an appeal might not automatically stay the circuit court's civil contempt order, the Maryland Rules of Civil Procedure provide Plaintiffs with the ability to file a motion to stay enforcement of the order with the circuit court and, if necessary, the appellate court. (*See* ECF No. 1-9, and Md.Rules 8-422-25, 2-632). Plaintiffs appear to have not filed such a motion with the circuit court, but "it

3

is abundantly clear that [they] had an opportunity to present their federal claims in the state proceedings[, and] [n]o more is required to invoke *Younger* abstention." *Juidice*, 430 U.S. at 337. Plaintiffs raised their constitutional arguments at a hearing in circuit court (ECF No. 1-10), and they will have an opportunity to raise their claims on appeal within the state court system.

Plaintiffs briefly allege that *Younger* abstention does not apply because the contempt order violates the Fourth and Fourteenth Amendments by forcing Plaintiffs to consent to a search of their home to avoid contempt.[1] However, Plaintiffs' allegations do not sufficiently allege a "flagrant" and "patent" violation of "express constitutional prohibitions" to trigger the "narrow exception[]" allowing a federal court to intervene in this case. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *see also Juidice*, 430 U.S. at 338. Plaintiffs' discussion of this issue confuses abstention principles with immunity. The cases Plaintiffs cite to support their argument that the court order was unconstitutional involve significantly different facts and do not show that the circuit court order was "flagrantly and patently violative of express constitutional prohibitions." Absent such a showing, this court must abstain

---

[1] Plaintiffs also argue that the order was made in bad faith and a desire to harass, but the record contains no support for this assertion.

from adjudicating a request to enjoin ongoing civil contempt proceedings, and Plaintiffs' appropriate path to raise their constitutional arguments is within the ongoing state court action.

Furthermore, Plaintiffs recite, in a paper filed November 16, that they hand delivered copies of the Motion and Notice of Requested Hearing, along with the other papers "on November 16 and November 17, 2015." (ECF No. 1-1, at 2). They blithely state that Defendants could easily attend a hearing, if one is set for November 18. Federal Rule of Civil Procedure 65(b)(1) grants the court authority to issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The undersigned is not convinced, based on Plaintiffs' brief assertions and purported timeline, that their efforts to provide notice have been sufficient. Given the seriousness of the relief requested, the significant doubt that Plaintiffs' complaint can withstand abstention analysis, or otherwise may well fail to state a claim or demonstrate subject matter

jurisdiction, the court declines to hold a hearing tomorrow to consider issuance of a temporary restraining order. Plaintiffs have not made the necessary showing for the extraordinary relief requested.

                                                               /s/
DEBORAH K. CHASANOW
United States District Judge